The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR MADDOX,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED NETWORK FOR ORGAN SHARING; and SWEDISH HEALTH SERVICES D/B/A SWEDISH MEDICAL CENTER,<br><br>    Defendants. | No. 2:24-cv-00811-RAJ<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

The parties submit this Joint Status Report and Discovery Plan pursuant to Local Civil Rule 26(f) and Federal Rule of Civil Procedure 26(f). The parties conducted an initial Rule 26(f) Conference on August 22, 2024, pursuant to the Court's August 5, 2024, Order (Dkt. 17). The parties thereafter conducted a supplemental Rule 26(f) Conference on July 2, 2025, pursuant to the Court's June 12, 2025, Order (Dkt. 51).

**A.     A statement of the nature and complexity of the case**

    **1.     Plaintiff's Statement**

Plaintiff alleges that Defendants United Network For Organ Sharing ("UNOS") and Swedish Health Services d/b/a Swedish Medical Center ("Swedish", collectively "Defendants"), intentionally discriminated against him on the basis of his race when it applied a scientifically unsupported race-based adjustment, known as the "race-based coefficient," to his kidney-function

assessments, which delayed his placement on the kidney transplant waitlist by nearly two years. In 2022, UNOS admitted that the use of the race-based coefficient 'led to a systematic underestimation of kidney disease severity for many Black patients [and] . . . may have negatively affected the timing of transplant listing or the date at which candidates qualify to begin waiting time for a transplant.[1] UNOS ultimately banned the use of the race-based coefficient in July of 2022, and in January of 2023, instituted an additional policy requiring transplant hospitals like Swedish to notify its Black patients of prior use of the race-based coefficient, and to search Black patients' records for any kidney-function tests where, had the race-based coefficient not been applied, the Black patients would have qualified to begin accruing wait time on the national kidney waitlist. Despite these policy changes (and despite numerous other transplant hospitals prohibiting the race-based coefficient years *before* UNOS's policy changes), Swedish did not inform Mr. Maddox of its use of the race-based coefficient until August of 2023. At this time, Swedish informed Mr. Maddox that he was entitled to an additional two years of wait time he originally did not receive—because he was Black.

As a result of the Defendant's actions, Mr. Maddox suffered immense physical, psychological, emotional harm, spent approximately 50 months on dialysis—22 months longer than he should have—and experienced a complete deterioration in the quality of his lifestyle, physical abilities and diet.

Plaintiff's four causes of action are for (1) Defendants' violation of Title VI of the Civil Rights Act of 1964 (2) violation of the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60.010 *et seq.*, (3) breach of fiduciary duty, and (4) outrage. *See* Dkt. No. 1 at pp.16–20. All claims brought by Plaintiff against Swedish have been upheld by the Court's order on Defendants' motion to dismiss. Dkt. No. 40. All claims against UNOS, except for the WLAD claim, have been upheld by the Court's order on Defendants' motion to dismiss. Dkt. No. 40. The WLAD claim against UNOS is the subject of supplemental briefings and a proposed

---

[1] https://optn.transplant.hrsa.gov/news/optn-board-approves-elimination-of-race-based-calculation-for-transplant-candidate-listing/ (last accessed May 29, 2025).

JOINT STATUS REPORT AND DISCOVERY PLAN (2:24-cv-00811-RAJ) - 2

amended complaint pending before this Court. *See* Dkt. Nos. 41, 42, 47, 48. The proposed schedule below accounts for the discovery expected as well as time needed for expert reports and dispositive motion briefing.

  **2. Defendants' Statement**

    **a. UNOS's Statement**

  Defendant UNOS disputes the vast majority of Plaintiff's Statement, including but not limited to his allegation that UNOS applied a race-based coefficient to his kidney-function assessments, or his characterizations and claims of purported "admissions" by UNOS relating to the same. Although UNOS administers the national kidney transplant waitlist, UNOS has no role in evaluating a patient's medical condition, let alone determining whether or when it is medically appropriate to register a patient on the waitlist. Instead, healthcare providers and transplant hospitals such as Swedish perform the evaluation and make the registration determination. Even then, once registered, there are still myriad factors that might cause a potential recipient—or a transplant hospital on a recipient's behalf—to reject a kidney transplant even if one is offered. Against that backdrop, Plaintiff's claims against UNOS fail for two primary reasons.

  No Discrimination. UNOS did not intentionally discriminate against Plaintiff. UNOS never applied a race-based coefficient to Plaintiff's kidney-function assessments. In fact, UNOS never assessed Plaintiff's kidney function at all. As for Swedish's alleged use of the race-based coefficient, UNOS neither required nor encouraged Swedish to use a race-based coefficient in estimating Plaintiff's kidney function. And even assuming Swedish used a race-based coefficient, UNOS was not deliberately indifferent to it, since UNOS's conduct was not clearly unreasonable in light of known circumstances. Put simply, UNOS cannot be held liable for failing to prevent Swedish from measuring Plaintiff's kidney function with a test method that was the national standard of care during the operative time.

  No Causation. Plaintiff will be unable to prove causation. Specifically, Plaintiff will be unable to prove that he would have received a transplant sooner but for use of a race-based coefficient. To that end, Plaintiff will be unable to establish that he would have been registered on

the waitlist sooner but for Swedish's alleged use of an eGFR test method that included a race-based coefficient. The fact that Plaintiff may have received a wait time modification pursuant to later OPTN policy does not establish that he would have been registered on the waitlist earlier but for use of the race-based coefficient. And even if he could prove that he would have been registered on the waitlist sooner, Plaintiff will be unable to prove that he would have received a transplant sooner but for use of a race-based coefficient.

In addition to the issues summarized above, as a federal district court in Tennessee recently concluded in one of several similar cases filed by Plaintiff's counsel, Maddox's Title VI claim against UNOS cannot stand because UNOS does not receive federal financial assistance, which is a prerequisite for a private action under Title VI. *See generally Welch v. United Network for Organ Sharing*, 2025 WL 546369 (M.D. Tenn. Feb. 19, 2025), *adhered to on reconsideration*, 2025 WL 824137 (M.D. Tenn. Mar. 14, 2025).

      **b.**    **Swedish's Statement**

Swedish did not use a race-based coefficient to assess or estimate Plaintiff's kidney-function in connection with his medical treatment or registration on the kidney transplant waitlist. Swedish therefore denies Plaintiff's allegations and opposes Plaintiff's requested relief.

**B.**    **Assignment to a Magistrate Judge**

The parties do not consent to assignment of this case to a Magistrate Judge.

**C.**    **Proposed deadline for joinder of additional parties**

Plaintiff proposes that additional parties be joined with leave of the Court and pursuant to Fed. R. Civ. P. 15.

Defendants propose that any motions or stipulations to amend the pleadings or join additional parties must be filed no later than September 10, 2025.

**D.**    **Discovery Plan**

      **1.**    **Initial Disclosures**

The parties exchanged initial disclosures on July 10, 2025, pursuant to the Court's June 12, 2025, Order. See Dkt. 51.

2.  **Subjects, timing and potential phasing of discovery**

   a.  **Plaintiff's anticipated discovery**

Plaintiff intends to pursue discovery regarding Plaintiff's factual allegations, including but not limited to documents and communications pertaining to Plaintiff, Defendants' policies and communications regarding the use and application of the race-based coefficient, UNOS's decision to ban the use of the race-based coefficient, and financial information related to the use of the race-based coefficient. Plaintiff also intends to rely upon discovery produced by UNOS in other actions concerning the use of the race-based coefficient.[2]

Plaintiff also intends to pursue discovery regarding Swedish's policies and practices surrounding use of the race-based coefficient, Swedish's and UNOS's knowledge about the race-based coefficient's scientific flaws and limitations, available alternatives to the race-based coefficient, and Swedish's policies affects on referring nephrologists' decisions whether to refer patients to Swedish for placement on the kidney waitlist.

Plaintiff will pursue discovery in various forms, including, without limitation, ESI.

Plaintiff proposes discovery and other case deadlines in the schedule below. Plaintiff does not believe phased discovery is necessary.

   b.  **Defendants' Anticipated Discovery**

Defendant UNOS will serve interrogatories and requests for production of documents on Plaintiff and anticipate deposing Plaintiff, Plaintiff's other medical providers, and Plaintiff's experts. Fact discovery will be focused on the events and allegations in the First Amended Complaint, including but not limited to: treatment that Plaintiff received at Swedish, treatment that Plaintiff received from any other physician or medical provider unaffiliated with Swedish during the same time period, Plaintiff's transplant evaluation, timing of Plaintiff's referral for transplant and registration on the national kidney transplant waitlist, Plaintiff's communications with any

---

[2] Plaintiff's counsel and UNOS's counsel have entered into a Shared Discovery Agreement that allows use of documents produced in any action pursued by Plaintiff's counsel related to the race-based coefficient in all actions pursued by Plaintiff's counsel related to the race-based coefficient.

medical provider relating to kidney transplants, and Plaintiff's alleged damages information. Expert discovery will be focused on, among other things, information on the complexity of how kidney donor organs are awarded, and the calculation of eGFR values by the medical field.

Defendant Swedish anticipates discovery concerning (a) Plaintiffs' allegations in the First Amended Complaint; (b) Plaintiff's medical history and treatment prior to his referral to Swedish in September 2019; (c) how UNOS calculated Plaintiff's wait time for a kidney based on the information provided by Swedish; (d) causation for Plaintiff's alleged harm; and (e) Plaintiff's alleged damages.

### 3.     Electronically Stored Information ("ESI")

The parties will confer to reach agreement on a protocol for ESI discovery and anticipate utilizing this District's Model Agreement Regarding Discovery of Electronically Stored Information ("Model ESI Agreement") for guidance.[3] Plaintiff has proposed a deadline for entering such an agreement in the schedule below. Defendant Swedish objects to this proposed deadline because the parties disagree regarding proposed revisions to the Model ESI Agreement, and Swedish disagrees that the parties can reach an agreement by the date proposed by Plaintiff.

### 4.     Privilege Issues

The parties expect that any privilege issues that arise will be governed by an agreed-to protective order and ESI agreement. The parties anticipate basing such orders on this District's Model Stipulated Protective Order ("Model Protective Order") and the Model ESI Agreement. Plaintiff has proposed a deadline for entering a protective order in the schedule below. As part of preparing a protective order and ESI agreement, Defendants anticipate conferring with Plaintiff about the need to protect medical privacy pursuant to Washington's Uniform Health Care Information Act ("UHCIA") and the federal Health Insurance Portability and Accountability Act ("HIPAA").

---

[3] https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement_CLEAN_2.1.23.pdf

5.      **Proposed Limitations on Discovery**

The parties do not anticipate the need for any limitations on discovery other than those provided for in the Federal and Local Civil Rules.

6.      **Need for any Discovery-Related Orders**

The parties do not currently anticipate the need for any other discovery-related orders. The parties will act in good faith to manage discovery to minimize expense to the litigants, including use of electronic means to transfer documents whenever possible.

E.      **The Parties' Views, Proposals, and Agreements on All Items Set Forth in LCR 26(f)(1):**

1.      **Prompt Case Resolution**

Plaintiff proposes the case schedule below to facilitate prompt case resolution.

Defendants propose an alternative case schedule that will also facilitate prompt case resolution.

2.      **Alternative Dispute Resolution ("ADR")**

The parties have not yet explored alternative dispute resolution. Plaintiff would be amenable to ADR, as set forth in Local Civil Rule 39.1.

Defendant UNOS believes that private mediation could be productive.

Defendant Swedish is amenable to exploring ADR at the appropriate time during the course of the litigation.

3.      **Related Cases**

Local Rule 3(g)(4) states that one action is related to another when the actions (A) concern substantially the same parties, property, transaction, or event; and (B) it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges. Certain of Plaintiff's counsel (Ellis George LLP) represents (1) putative California classes of Black patients who allegedly suffered racial discrimination via the race-based coefficient, and (2) certain individual Black patients across the country who allegedly suffered racial discrimination via the race-based coefficient. UNOS is

a common defendant across all of the actions. Otherwise, the actions involve different plaintiffs, different transplant hospitals, and are pending in different district courts. Plaintiff accordingly does not believe these cases are "related" under the meaning of the local rule. The cases are as follows:

- *Anthony Randall v. UNOS & Cedars-Sinai Medical Center*, No. 2:23-cv-02576 (C.D. Cal.)
- *Gregory Rowe v. UNOS & USC*, No. 2:24-cv-05022 (C.D. Cal.)
- *Cleveland Holt v. UNOS & Emory*, No. 1:24-cv-01599 (N.D. Ga.)
- *Dexter Welch v. UNOS, Vanderbilt*; No. 3:24-cv-00422 (M.D. Tenn.)
- *Randolph Hallmon v. UNOS, MUSC, & Vinaya Rao*; No. 2:24-cv-04100 (D.S.C.)
- *Cortez Fields v. UNOS & AdventHealth*, No. 6:24-cv-01434 (M.D. Fla.)
- *Deon Santos v. UNOS, Tufts & Mass. General*, No. 1:24-cv-11692 (D. Mass.)
- *Mark Thompson v. UNOS, Tufts & Mass. General*, No. 1:24-cv-11693 (D. Mass.)

Defendant Swedish agrees that the cases identified by Plaintiff are not related to this litigation.

**4.   Discovery Management**

The parties do not currently anticipate a need to (1) schedule regular discovery or case management conferences with the Court, (2) request the assistance of a Magistrate Judge for discovery purposes, or (3) request use of an abbreviated pre-trial order. The parties' plan for managing discovery is as follows, in the interest of promoting the expeditious and inexpensive resolution of the case:

**F.   Exchanging Documents Informally or Forgoing or Limiting Depositions**

The parties have agreed to meet and confer regarding the entry of an ESI protocol and protective order to govern the production and use of documents and information in this litigation. At this time, the parties do not anticipate exchanging documents informally or forgoing or limiting depositions beyond the limitations set forth in the Federal Rules of Civil Procedure. However, the parties agree to electronic service via e-mail for all discovery as well as any other documents that may require service on all counsel of record.

      **a.**      **Discovery from Third Parties and the Cost of Obtaining that Discovery**

The parties will meet and confer to discuss procedures for obtaining third-party discovery.

      **b.**      **Presenting Discovery Disputes to the Court by Informal Means**

If discovery disputes arise, the parties agree to comply with any procedures set forth in Judge Jones's Standing Order, Section III.[4] To conserve judicial resources, the parties will endeavor to resolve any discovery disputes without court intervention but are amenable to presenting discovery disputes to the Court by telephone or email as provided in the applicable Standing Order.

      **c.**      **Requesting Other Orders Under LCR 16(b) and (c)**

At this time, the parties are not aware of any other orders that the Court should enter under LCR 16(b) or (c) or under Rule 26(c) of the Federal Rules of Civil Procedure.

      **1.**      **Anticipated Discovery Sought**

The parties' anticipated discovery is described in Section D.1 above.

      **2.**      **Phasing Motions**

The parties do not believe that phasing of motions in this case is necessary.

      **3.**      **Preservation of Discoverable Information**

Plaintiff is and has been preserving potentially discoverable information and materials.

Defendant UNOS has been and currently still is preserving discoverable information.

Defendant Swedish has acted appropriately to preserve discoverable information.

      **4.**      **Privilege Issues**

The parties expect that any privilege issues that arise will be governed by the forthcoming agreed-to protective order and ESI order. Plaintiff has proposed a deadline for entering a protective order in the schedule below. Defendants reserve the right to argue that patients have a right to privacy regarding their medical history and condition under the UHCIA and HIPAA. Defendants

---

[4] https://www.wawd.uscourts.gov/sites/wawd/files/JonesDiscoveryDisputes.pdf

JOINT STATUS REPORT AND DISCOVERY PLAN (2:24-cv-00811-RAJ) - 9

anticipate conferring with Plaintiff about the need to protect medical privacy during discovery.

### 5. Model Protocol for Discovery of ESI

The parties intend to negotiate an ESI order using the Model ESI Agreement as a template.

### 6. Alternatives to Model Protocol

The parties intend to negotiate an ESI order using the Model ESI Agreement as a template.

**G. Proposed Discovery Deadline**

The parties propose a fact discovery deadline of February 6, 2026, and an expert discovery deadline of July 31, 2026.

**H. Bifurcation**

The parties do not believe that bifurcation is necessary.

**I. Pretrial Statements and Pretrial Order Under the Local Civil Rules**

The parties do not think the pretrial statements and pretrial order as set forth in LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

**J. Individualized Trial Program or ADR Options**

The parties do not intend to utilize the Individualized Trial Program found in LCR 39.2. However, Plaintiff is amenable to ADR, as set forth in LCR 39.1; Defendant UNOS believes that private mediation could be productive; and Defendant Swedish agrees that private mediation and/or ADR pursuant to LCR 39.2 could be productive at the appropriate time.

**K. Other Suggestions for Shortening or Simplifying the Case**

The parties propose a February 8, 2027, trial date.

**L. Proposed Trial Date**

The parties propose a February 8, 2027, trial date.

**M. Whether the Trial Will be Jury or Nonjury**

In their amended complaint, Plaintiff respectfully demanded a trial by jury on all claims so triable. *See* Dkt. No. 1, p. 21

Defendant UNOS did not include a jury demand with its Answer. *See* Dkt. 53.

Defendant Swedish included a jury demand with its Answer. *See* Dkt. 52.

N.   **Number of Trial Days Required**

Plaintiff and Defendant UNOS expect seven to ten days will be sufficient to try this case. Defendant Swedish anticipates that ten to fifteen days is required given the complexity of the subject matter and need for technical and damages expert testimony from each party.

O.   **The Names, Addresses, and Telephone Numbers of all Trial Counsel.**

    a.   **Plaintiff's Counsel**

David J. Ko, WSBA No. 38299
Dan Mensher, WSBA No. 47719
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
Emails: dko@kellerrohrback.com;
        dmensher@kellerrohrback.com

Norjmoo Battulga, *pro hac vice*
KELLER ROHRBACK L.L.P.
601 SW 2nd Avenue, Suite 1900
Portland, OR 97204
Telephone: (971) 253-4600
Facsimile: (206) 623-3384
Email: nbattulga@kellerrohrback.com

Matthew L. Venezia, *pro hac vice*
George Laiolo, *pro hac vice*
ELLIS GEORGE LLP
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA, 90067
Telephone: (310) 274-7100
Facsimile: (340) 275-5697
Email: mvenezia@ellisgeorge.com
       glaiolo@ellisgeorge.com

    b.   **Defendant UNOS's Counsel**

Andrew R. Escobar, WSBA No. 42793
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4910
F: (206) 946-4901
Email: aescobar@seyfarth.com

Daniel M. Blouin, *pro hac vice*
Thomas G. Weber, *pro hac vice*
WINSTON & STRAWN LLP

35 W Wacker Dr
Chicago, IL 60601-9703
T: (312) 558-5600
F: (312) 558-5700
Email:  dblouin@winston.com
        tgweber@winston.com

        **c.**        **Defendant Swedish's Counsel**

Pallavi M. Wahi
Ashley E.M. Gammell
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
T: (206) 623-7580
F: (206) 623-7022
Email:  pallavi.wahi@klgates.com
        ashley.gammell@klgates.com

**P.**    **Dates on Which Trial Counsel May have Complications in Setting a Trial Date**

Plaintiff currently does not anticipate any complications arising from the proposed trial date.

Trial counsel for Defendants UNOS and Swedish do not anticipate any complications arising from the proposed trial date. Nor does trial counsel for Defendants currently have any complications in setting a trial date for an alternative date in 2027.

**Q.**    **Service**

Defendants have been served. *See* Dkt. Nos. 8, 9.

**R.**    **Whether any Party Requests a Scheduling Conference Before the Court Enters a Scheduling Order in the Case**

The parties do not request a scheduling conference before the Court at this time.

**S.**    **Date(s) that Each Nongovernmental Corporate Party Filed its Disclosure Statement**

On August 26, 2024, pursuant to Federal Rule of Civil Procedure 7.1(a) and LCR 7.1, Defendants UNOS and Swedish filed their corporate disclosure statements indicating no corporate parents and/or affiliates. *See* Dkt. Nos. 23, 24.

**Plaintiff's proposed schedule**

| Event | Parties' Proposed Date |
|---|---|
| Initial disclosures | June 27, 2025 |
| ESI protocol & protective order | July 18, 2025 |
| Substantial completion of discovery | February 6, 2026 |
| Motions related to discovery must be filed by | February 20, 2026 |
| Disclosure of opening expert reports from parties bearing the burden on an issue | May 1, 2026 |
| Disclosure of rebuttal expert reports | May 29, 2026 |
| Disclosure of reply expert reports | June 26, 2026 |
| Deadline to file Summary Judgement and *Daubert* motions | July 31, 2026 |
| Oppositions to Summary Judgment *Daubert* motions | September 14, 2026 |
| Reply briefs to Summary Judgment and *Daubert* motions | October 10, 2026 |
| Jury trial | February 8, 2027 |

**Defendants' proposed schedule**

| Event | Defendants' Proposed Date |
|---|---|
| Initial disclosures | July 10, 2025 |
| Fact discovery deadline | February 6, 2026 |
| Motions related to discovery must be filed by | February 6, 2026 |
| Disclosure of opening expert reports from parties bearing the burden on an issue | April 3, 2026 |
| Disclosure of rebuttal expert reports | May 29, 2026 |
| Disclosure of reply expert reports | July 10, 2026 |
| Expert discovery deadline | July 31, 2026 |
| Deadline to file Summary Judgment and *Daubert* motions | September 4, 2026 |
| Trial | February 8, 2027 |

DATED this 17th day of July, 2025.

**KELLER ROHRBACK L.L.P.**

By: *s/Daniel P. Mensher*
Daniel P. Mensher, WSBA #47719
David J. Ko, WSBA #38299
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: dmensher@kellerrohrback.com
       dko@kellerrohrback.com

Norjmoo Battulga, *pro hac vice*
601 SW 2nd Avenue, Suite 1900
Portland, OR 97204
Telephone: (971) 253-4600
Facsimile: (206) 623-3384
Email: nbattulga@kellerrohrback.com

**ELLIS GEORGE LLP**

By: *s/George Laiolo*
George Laiolo, *pro hac vice*
Matthew L. Venezia, *pro hac vice*
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA, 90067
Telephone: (310) 274-7100
Facsimile: (340) 275-5697
Email: glaiolo@ellisgeorge.com
       mvenezia@ellisgeorge.com

*Attorneys for Plaintiff*

**SEYFARTH SHAW LLP**

By: *s/Andrew Escobar*
Andrew R. Escobar, WSBA No. 42793
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4910
F: (206) 946-4901
aescobar@seyfarth.com

**WINSTON & STRAWN LLP**

By: *s/Daniel Blouin*
Daniel M. Blouin, *pro hac vice*
Thomas G. Weber, *pro hac vice*
35 W Wacker Dr
Chicago, IL 60601-9703
T: (312) 558-5600
F: (312) 558-5700
dblouin@winston.com
tgweber@winston.com

*Attorneys for Defendant United Network for Organ Sharing*

**K&L Gates LLP**

By: *s/Ashley Gammell*
Pallavi M. Wahi
Ashley E.M. Gammell
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
T: (206) 623-7580
F: (206) 623-7022
pallavi.wahi@klgates.com
ashley.gammell@klgates.com

*Attorneys for Defendant Swedish Health Services*

JOINT STATUS REPORT AND DISCOVERY PLAN (2:24-cv-00811-RAJ) - 15

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*s/George B. A. Laiolo*
George B. A. Laiolo

3030145.2