HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ARTHUR MADDOX, | CASE NO. 2:24-cv-00811-RAJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED NETWORK FOR ORGAN SHARING and SWEDISH HEALTH SERVICES D/B/A SWEDISH MEDICAL CENTER, | |
| Defendants. | |

ORDER – 1

THIS MATTER comes before the Court on Plaintiff Arthur Maddox's Motion to Compel Discovery from Defendant Swedish Health Services (the "Motion to Compel," Dkt. # 64) and Motion Regarding Supplemental Disclosures Dependent on Outcome of Pending Motion to Compel (the "Supplemental Disclosures Motion," Dkt. # 76, and together with the Motion to Compel, the "Motions"). The Court has reviewed the Motions and the submissions filed in support of and in opposition to the Motions, and has scheduled a telephonic conference for **Tuesday, July 14, 2026 at 10:30 A.M**. The Court hereby instructs the parties that, at the forthcoming telephonic conference, counsel should be prepared to provide responses to the following questions.

Counsel for Defendant Swedish Health Services d/b/a/ Swedish Medical Center ("Swedish") should be prepared to answer the following questions:

(1) Plaintiff alleges that Swedish—as a UNOS transplant hospital—served as a "gatekeeper[] to patients seeking to be placed on the national kidney waitlist." Dkt. # 50 ¶ 34.

    a. Isn't this allegation consistent with Plaintiff's theory of liability that Swedish's policies and procedures resulted in his delayed referral? If not, why not?

(2) In Swedish's Response to the Motion to Compel, it cites operative OPTN policy that prevented Swedish from considering Plaintiff's prior eGFR scores. Dkt. # 68 at 3.

    a. Doesn't this suggest that Swedish *did* abide by OPTN policies—potentially including, as Plaintiff alleges, the policy governing consideration of the race-based coefficient? If not, why not?

    b. By citing to this provision but denying any Swedish policy regarding the use of race-based eGFR scores, isn't Swedish attempting to use the OPTN policies as both a sword and a shield? If not, why not?

ORDER – 2

c. At best, isn't this a factual dispute proper for resolution on summary judgment grounds?  If not, why not?

(3) If the Court were to rule against Swedish on the Motion to Compel on relevance grounds and order production of documents responsive to Plaintiff's Requests for Production 13 and 28, would Swedish be amenable to a temporal limitation of 2016-2022?  If not, what temporal limitation would Swedish propose?

a. Is Plaintiff correct that Swedish's estimate of patients covered by this the 2016-2022 timeframe is approximately 320?

(4) Does Plaintiff's proposal regarding the de-identification of patient information resolve Swedish's patient privacy concerns?  If not, why not?

a. What alternative proposal would Swedish offer to address both its patient privacy concerns and the potential burden of complying with an order granting the Motion to Compel?

Counsel for Plaintiff should be prepared to answer the following questions:

(1) If it is true that Plaintiff had qualifying (<20) *non*-race-based eGFR scores months or years prior to his referral to Swedish, as Plaintiff appears to concede in counsel's correspondence to Swedish (*see* Dkt. # 69-1 at 404), why would Swedish be liable?

a. Even if Swedish *did* have a policy of using the race-based coefficient, as Plaintiff contends, wouldn't Plaintiff's situation fall outside the "delayed referral" theory if he had qualifying *non*-race-based eGFR scores and Kaiser simply chose not to refer him despite those scores?  If not, why not?

(2) If the Court grants the Motion to Compel, what impact would this have on the pending Supplemental Disclosures Motion?  Would it moot the Supplemental Disclosures Motion, or would there be remaining live issues for the Court to adjudicate?  If so, what are those issues?

ORDER – 3

Counsel for both parties should be prepared to answer the following questions:

(1) Have the parties met-and-conferred to discuss potential search terms regarding a potential production of documents responsive to Plaintiff's Requests for Production 13 and 28?

    a. If so, and assuming that the Court grants the Motion to Compel, have the parties come to an agreement regarding search terms that would govern the review and production of responsive documents?

    b. If not, what is the nature of the parties' disagreement(s)?

        i. What is each party's proposal or recommendation to resolve the outstanding disagreement(s)?

Dated this 10th day of July, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4