HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR MADDOX, | CASE NO. 2:24-cv-00811-RAJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED NETWORK FOR ORGAN SHARING and SWEDISH HEALTH SERVICES D/B/A SWEDISH MEDICAL CENTER, | |
| Defendants. | |

ORDER – 1

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Arthur Maddox's Motion to Compel Discovery from Defendant Swedish Health Services (the "Motion to Compel," Dkt. # 64) and Motion Regarding Supplemental Disclosures Dependent on Outcome of Pending Motion to Compel (the "Supplemental Disclosures Motion," Dkt. # 76, and together with the Motion to Compel, the "Motions").  The Court reviewed the Motions and the submissions filed in support of and in opposition to the Motions and conducted a telephonic conference in consideration of the Motions on Tuesday, July 14, 2026.  For the reasons stated herein, the Court **GRANTS IN PART** the Motion to Compel subject to the conditions set forth in this Order, and **DENIES AS MOOT** the Supplemental Disclosures Motion.

## II.  DISCUSSION

a.  <u>Motion to Compel</u>

The Requests for Production ("RFPs") discussed in the Motion to Compel seek the following information from Defendant Swedish Health Services d/b/a/ Swedish Medical Center ("Swedish"):

- **Request for Production 13**: All Documents reflecting calculation of Your Black kidney disease patients' eGFR scores.

- **Request for Production 28**:  Documents sufficient to show the eGFR or GFR scores You submitted to UNOS for each Black patient You have registered on the national kidney waitlist since January 1, 2000.

Based on the parties' submissions and representations during the telephonic conference, the Court concludes that the information sought by these RFPs are relevant to Plaintiff's claims, as they are "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005); Fed. R. Civ. P. 26(b)(1).  Plaintiff alleges that Swedish—as a transplant hospital for Defendant United Network of Organ Sharing ("UNOS")—served as a "gatekeeper[] to patients seeking to be placed on the national kidney waitlist." Dkt. # 50 ¶ 34.  Specifically,

ORDER – 2

Plaintiff argues that Swedish had a policy or practice of applying the race-based adjustment to Black kidney patients' eGFR scores, which delayed his referral to Swedish and subsequently to the kidney waitlist. Dkt. # 64 at 11–12; Dkt. # 71 at 1–2. The Court concludes that information related to Swedish's calculation of and submission of eGFR scores for Black kidney patients is sufficiently related to the claims set forth in Plaintiff's Amended Complaint to meet the "low bar" necessary to establish relevance for discovery purposes. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

However, the Court must "limit the frequency or extent of discovery" if it discovers that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court finds that, while relevant, the scope of the materials and/or information requested by Plaintiff is excessive in light of the availability of deposition testimony from Plaintiff's referring nephrologist. Relatedly, Swedish raises patient privacy objections arising under Washington's Uniform Health Care Information Act ("UHCIA"); Swedish admits that "patient medical records can be deidentified in compliance with the UHCIA," but asserts that "the deidentification and redaction process is burdensome and will add significant analyst time" to the production process. Dkt. # 68 at 13.

With the foregoing considerations in mind, the Court imposes the following limitations on the discovery sought by the parties:

(1) The discovery permitted pursuant to this order shall be limited to the following time period: **January 1, 2016 through December 31, 2022**.

(2) The parties are instructed to limit production of responsive materials for a sample of no more than **fifty (50) patients**. The parties are directed to meet and confer to negotiate: (i) a mutually agreeable methodology for the selection of the sample; (ii) the contents of the sample materials; and (iii) applicable search parameters.

ORDER – 3

(3) Swedish shall deidentify patient medical records in compliance with the UHCIA and shall comply with all other provisions of the statute, including its notice requirements, for any non-party patients whose records are included in the sample provided to Plaintiff.[1]

   b.  <u>Supplemental Disclosures Motion</u>

Based on the representations made by the parties during the July 14 telephonic conference, the Court separately finds that the Supplemental Disclosures Motion is moot upon the issuance of this Order.  Dkt. # 76.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's Motion to Compel Discovery from Defendant Swedish Health Services.  Dkt. # 64.  The Court **DENIES AS MOOT** Plaintiff's Motion Regarding Supplemental Disclosures Dependent on Outcome of Pending Motion to Compel.  Dkt. # 76.

Dated this 17th day of July, 2026.

_____
The Honorable Richard A. Jones
United States District Judge

---

[1]    Swedish asserts that "deidentification is not possible for Plaintiff's three RFPs that request the identities of non-party patients." Dkt. # 68 at 13.  However, those three requests (RFPs 24–26) are not the subject of the Motion to Compel, and are therefore irrelevant to this Order.

ORDER – 4